**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3725
_____

ZHEN LE ZHAO; ZENG HUA ZHENG,
                                                      Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                      Respondents
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A073-184-302; A073-576-992)
Immigration Judge:  Honorable Miriam Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2010

Before:  BARRY, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed: November 1, 2010)
_____

OPINION
_____

PER CURIAM

       Petitioners Zhen Le Zhao ("Zhao") and Hua Zeng Zheng ("Zheng") seek review of

the August 21, 2009 decision by the Board of Immigration Appeals affirming the

Immigration Judge's ("IJ") denial of petitioners' applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Zheng also seeks review of the IJ's sua sponte reconsideration and denial of her motion to reopen. For the following reasons, the petition for review will be denied.

## I.

Zhao, the lead respondent, and Zheng, his wife, are both natives and citizens of China. They were married in March 1996, and have two United States citizen children. Their first child was born in April 1996 and their second was born in September 2000.

Zhao entered the United States without inspection in 1991. In March 1994, Zhao filed an administrative application for asylum and withholding of deportation, which was denied without prejudice by the former Immigration and Naturalization Services ("INS"). INS then initiated deportation proceedings against Zhao. On December 2, 2005, Zhao filed a motion to change venue from New York to Philadelphia in which he conceded removability as charged under INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A). He also filed a supplemental application for asylum, withholding of removal, and protection under the CAT based on his fear of future persecution by the Chinese government because of his participation in the 1989 student protest movement and because he has two United States citizen children in violation of China's one-child policy. The IJ in New York transferred his case to an IJ in Philadelphia.

Zheng entered the United States without inspection in 1993. She was served with an Order to Show Cause in June 1996. She filed applications for asylum and withholding of removal, but withdrew them after the IJ in New York granted her request for voluntary departure until March 16, 1998. In 2006, Zheng filed a motion to reopen her asylum case

2

based on the birth of her second child in 2002. She also filed a motion to change venue from New York to Philadelphia. The IJ in New York granted both motions and transferred her case to an IJ in Philadelphia.

At his immigration merits hearing, Zhao testified that in 1989 he attended a protest at which several of his schoolmates were arrested. Although Zhao escaped arrest, he testified that he went into hiding upon the advice of his mother, who told him that police had come to their home looking for him. He also testified that he was afraid he or his wife would be forcibly sterilized if they returned to China because they now have two children in contravention of China's one-child policy. He testified that Chinese authorities involuntarily sterilized his brother and his sister in the late 1980s. Zheng also testified that she was afraid of being forcibly sterilized if she returned to China and that her older sister had been sterilized after having two children.

In November 2007, the IJ in Philadelphia sua sponte reconsidered Zheng's motion to reopen, previously granted by the IJ in New York, and denied it on the ground that self-induced changes in personal circumstances, such as the birth of a second child, did not support a reopening under INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii), and that Zheng had not submitted evidence of changed country conditions sufficient to warrant reopening. The IJ further found that, even if Zheng could proceed as a derivative of her husband, her claim would fail because her husband's testimony was incredible and, even if it were credible, he failed to meet the burden of proof required for asylum.

On appeal, the BIA affirmed the IJ's decision to deny Zheng's motion to reopen, finding that she did not meet her burden of showing changed country conditions in China

3

that would lead to a well-founded fear of persecution. Without addressing the IJ's adverse credibility finding, the BIA also affirmed the IJ's conclusion that Zhao failed to establish that the Chinese government has any interest in harming him for his asserted role in the student protests of 1989, and failed to establish a well-founded fear of forced sterilization or other persecution due to having two United States citizen children.

Since Zhao failed to meet his burden for asylum, the BIA held that he necessarily failed to meet his burden for withholding of removal. The BIA also denied his application for protection under the CAT. This petition for review followed.

II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review final orders of removal issued by the BIA. There are two standards of review applicable to this petition. First, we review the denial of a motion to reopen for abuse of discretion. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Under this standard, the agency's decision is reversible only if it is shown to be arbitrary, irrational, or contrary to law. See Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Second, we will uphold the BIA's factual findings, including its determination whether an alien was subject to persecution or has a well-founded fear of persecution, if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quotation omitted); see also Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (noting that whether an applicant for asylum has demonstrated past persecution or a well-founded fear of persecution is a factual question). Under this deferential standard of review, we must uphold the determination unless "any reasonable adjudicator would

4

be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Kibinda v. Att'y Gen., 477 F.3d 113, 119 (3d Cir. 2007).

III.

Petitioners first challenge the denial of Zheng's motion to reopen. A motion to reopen may be filed at any time if the motion is filed for the purpose of applying for asylum or withholding of deportation and is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i). Petitioners argue that the IJ and BIA erred in failing to consider having a second child as "changed circumstances" sufficient to justify granting Zheng's motion to reopen and cite Qu v. Gonzales, a Ninth Circuit case, for the proposition that "personal circumstances can be considered in changed circumstances." 399 F.3d 1195, 1201 (9th Cir. 2005) (quoting the IJ's decision in that case). However, this language in Qu was about new regulations allowing the INS to rebut the presumption of a well-founded fear of persecution by demonstrating that there has been a fundamental change in circumstances, which is not applicable here. Our precedent is clear that the birth of a child by an alien in the United States is a change in personal circumstances and not a change in country conditions for the purposes of reopening immigration proceedings. See e.g., Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Upon review of the IJ's and the BIA's decisions, we conclude that the BIA did not abuse its discretion in affirming the IJ's determination that Zheng failed to provide evidence of changed conditions in China sufficient to justify granting her motion to reopen.

Petitioners next argue that this case should be remanded to the BIA because it raises a question of statutory interpretation better suited for resolution by the BIA in the first instance. [1] Petitioners submit that involuntary sterilization is a unique kind of persecution, and it is unclear from the statutory definition of "refugee" whether having more than one child is, per se, sufficient grounds for a well-founded fear of future persecution among Chinese nationals. See 8 U.S.C. § 1101(a)(42). While the BIA is well suited to interpret the statutes and regulations within its enforcement jurisdiction, the BIA has already determined that this issue − whether a Chinese national faces a well-founded fear of persecution based on violation of family planning policies − should be decided on an individual basis based on the record evidence presented in each case. See In re J-H-S, 24 I. & N. Dec. 196, 201 (BIA 2007) ("[T]he question whether the birth of two children in China gives rise to a well-founded fear of persecution depends on the facts of each case, including, in particular, the details of local family planning policies, proof that an alien violated such policies, and evidence that local enforcement efforts against the violation will rise to the level of persecution."); see also In re J-W-S, 24 I. & N. Dec. 185, 194 (BIA 2007). In this case, the BIA properly concluded that "the respondent's evidence [did] not demonstrate that involuntary sterilization, or other forced birth control measures, are mandated in his home province or locality after the birth of a

---

[1] Petitioners also argue in their brief that the IJ erred in finding Zhao's testimony incredible. As the BIA assumed Zhao's credibility in its decision, we need not address those arguments here. We do find ample support in the record to support the BIA's conclusion that, even if deemed credible, Zhao failed to establish eligibility for relief based on his involvement in the 1989 student protest movement because he failed to show that the Chinese government had any interest in arresting him or otherwise harming him if he were to return to China.

6

second United States citizen's child." A4.  As a result, the respondent has not presented the required individualized evidence demonstrating a valid fear of persecution.

## IV.

Accordingly, the petition for review will be denied.